Argued May 6, affirmed July 15, 1971

DUNSTAN, *Appellant, v.* DEAN, *Respondent.*

487 P2d 78

In Banc

*Frank H. Hilton, Jr.,* Portland, argued the cause for appellant. With him on the brief were Dwight L. Schwab and Hutchinson, Schwab & Burdick, Portland.

*Joe D. Bailey,* Hillsboro, argued the cause for respondent. With him on the brief was Carrell F. Bradley, Hillsboro.

PER CURIAM.*

This is a personal injury action. A jury returned a verdict for defendant, and plaintiff appeals from the judgment.

The accident occurred at the intersection of Cedar Hills Boulevard and Jenkins Road in Beaverton. Cedar Hills Boulevard is a four-lane street running north and south; Jenkins Road is a two-lane street running east and west. Traffic entering Cedar Hills Boulevard from Jenkins Road is controlled by a stop sign. At the time of the collision, plaintiff was traveling south on the inside lane of Cedar Hills Boulevard. Defendant had been traveling east on Jenkins Road and was in the intersection turning north on Cedar Hills Boulevard when the two cars collided.

1. The plaintiff alleged that the defendant failed to stop for the stop sign at the intersection. The trial court withdrew from the jury's consideration the allegation of failure to stop and refused to give plaintiff's requested instruction to the same effect.

The facts disclosed that as the plaintiff approached the intersection of Cedar Hills Boulevard and Jenkins Road in the outside lane, he was preceded by a large truck which had slowed down preparatory to turning right on Jenkins Road. Plaintiff changed from the outside lane to the inside lane. He did not see defendant's car until it was in the intersection approximately 100 feet away. Plaintiff testified that he did

---

* Denecke, J., did not participate in this decision.

not know whether or not the defendant had stopped at the intersection.

The defendant testified that he came to a complete stop at the intersection, looked to the right and left, and proceeded into the intersection. He first saw the plaintiff when the plaintiff was "switching lanes" behind the truck.

A witness to the accident testified that she was traveling north on Cedar Hills Boulevard and was about two blocks from the intersection at the time of the accident. She first saw the defendant's car when it was in the intersection and had started to turn left. She testified that defendant's car was "accelerating very rapidly and it was leaning very markedly to the right."

The plaintiff would infer that defendant failed to stop at the intersection because he was "accelerating very rapidly" when the witness saw him. The inference is not warranted. Because an auto is accelerating rapidly does not mean that it had not previously stopped at the intersection. The plaintiff could have made a complete stop and then accelerated rapidly in order to enter the intersection and avoid creating a hazard to other cars on Cedar Hills Boulevard.

2. The plaintiff argues that the law requires a driver to stop at a point which, in the exercise of ordinary care, will allow the driver to see traffic on the street he is about to enter. There is no evidence of defendant's failure to comply with such rule. The rule only contemplates that the stop be made at a place where the street is visible. It does not require that the stop be made at a point where one piece of moving traffic will not screen another.

Affirmed.